(No. 21522.— ▮▮▮▮▮▮▮

THE PEOPLE ex rel. The Chicago Bar Association et al. Relators, vs. JOSEPH F. MALL, Respondent.

*Opinion filed December 22, 1933.*

JOHN L. FOGLE, and STEPHEN LOVE, for relators.

SMIETANKA, BRYANT & CONLON, for respondent.

Mr. JUSTICE JONES delivered the opinion of the court:

An information to disbar the respondent, Joseph F. Mall, also known as Joseph F. Haas, was filed by the People of the State of Illinois on the relation of the Chicago Bar Association and the Polish Lawyers Association. The information contains twenty-three paragraphs, setting out in detail various matters constituting the charge that the respondent had been guilty of unprofessional and dishonorable conduct and of malfeasance in his office as attorney and counselor at law. The cause was referred to a commissioner, who reported adversely to the respondent.

Haas is forty-five years of age and has resided at 11318 South Michigan avenue, Chicago, for over eight years. He was admitted to the bar of Illinois in October, 1916, and has been engaged in active practice in Chicago since that time. He has held the official positions of assistant prosecutor of the city of Chicago and assistant State's attorney

of Cook county. Except as to matters pertaining to the present charges his reputation for honesty, integrity and good professional conduct has not been assailed or questioned. Respondent's father's name was Malinowski. The family came to this country when respondent was about fifteen years of age. Some time later the father caused the family name to be changed to Mall, and by this name respondent has been generally known. In 1930, upon the joint petition of himself and wife, a decree was entered in the circuit court of Cook county changing his name to Joseph F. Haas and his wife's name from Alexsandra Mall to Alexsandra Haas. In the spring of 1932 he became a candidate for the Republican nomination for judge of the municipal court of Chicago, using the name of Haas instead of Mall. Fifty-seven candidates filed requisite petitions for the twelve nominations to be made. Haas finished twelfth in number of votes received. The candidate who finished thirteenth was Edgar B. Elder. He thereupon filed a bill for an injunction to restrain the chief clerk of the board of election commissioners of the city of Chicago, the commissioners and the canvassing board of the city from giving a certificate of nomination to Haas. The allegations of that bill were similar to the charges contained in the information herein. The circuit court entered a decree in accordance with the prayer of the bill, but this court reversed the decree and remanded the cause to the circuit court, with directions to dismiss the bill for want of jurisdiction. *Elder* v. *Mall,* 350 Ill. 538.

The gist of the charge in the information is that Mall took the name of Haas for the purpose of deceiving members of the legal profession and the electors of the city of Chicago, and thereby to induce them to vote for him under the belief they were voting for a member of the highly esteemed Haas family. He had been an unsuccessful candidate for public office on several occasions, including 1924, when he was a candidate for the Republican

nomination for judge of the municipal court of Chicago. It is charged that he planned at some future date to again become a candidate for public office and contrived to use a name attractive to the electorate of the city of Chicago; that it was in pursuance of such plan that he filed the petition in the circuit court of Cook county to change his name from Joseph F. Mall to Joseph F. Haas; that prior to March, 1928, there was a Joseph F. Haas living in Chicago who was then county recorder; that said Joseph F. Haas bore an excellent reputation and had been many times elected to public office and always polled a large vote by reason of the good will and affection in which he was held. It is further charged that one of the judges of the municipal court of Chicago is John F. Haas, and that he is likewise widely and favorably known and quite popular with the electorate of Cook county; that at a bar primary to obtain an expression of preference as to candidates for judge many lawyers voted for the respondent under the belief that he was John F. Haas the aforesaid judge, and that many thousands of voters voted for him in the primary on April 12, 1932, under the belief that he was either Judge John F. Haas or the former recorder, Joseph F. Haas, or a member of the Haas family.

There is no direct evidence that respondent changed his name for political purposes or to deceive members of the bar and the voters at the polls. He assigns certain reasons for having his name changed. Whether those reasons would appear sufficient to other people is not a matter of any consequence here. He doubtless thought it would be advantageous to change it, but unless he tried to conceal the fact with a view of deceiving someone no intentional injury could result. The evidence which was offered for the purpose of proving that he intended to deceive is circumstantial. It was shown that in the practice of law he continued to use the name Mall after the entry of the decree of the circuit court. He admitted that he frequently

used that name, especially with clients who had matters pending when the change of name was made, but he offered proof of particular instances in which he used the name Haas. He also showed by lawyers and friends that they knew of his change of name and that he made use of the name Haas. He did not petition this court to change his name on the roll of attorneys until after these proceedings were commenced, because, he says, all courts would take judicial notice of the decree of the circuit court of Cook county, and that, inasmuch as no new certificate or license to practice law would be issued to him, it was unnecessary for him to ask that his name be changed on the roll of attorneys. Another instance of his having used the name of Mall instead of Haas is that he voted under the name of Mall. He explains this conduct by asserting that he was registered under the name of Mall; that the next registration day was not until after the date of the election at which he voted, and that he used the name Mall in order to avoid inconvenience and trouble. It would be unavailing to deal at length with various instances of this character shown by the record.

It was stipulated that at least twelve members of the Chicago Bar Association would, if called as witnesses, testify that at the bar primary they voted for the respondent under the belief that he was Judge John F. Haas, and that many voters in the city of Chicago would, if called as witnesses, testify that they voted for him at the primary under the belief that he was either Judge John F. Haas or the former recorder, Joseph F. Haas, or a member of the family of either one or the other, but it was expressly agreed that notwithstanding the stipulation the respondent objected to the admission of such evidence because it was immaterial, irrelevant and incompetent, and that the objection should be passed upon by both the commissioner and the court before such facts should be considered established in this cause.

An examination of all the evidence in the case impels us to believe there is no substantial foundation for the charge that respondent changed his name for the purpose of deceiving voters or that a considerable number of them were deceived by the change. It is conceded that the name he adopted is highly esteemed in Cook county, but Joseph F. Haas the recorder had been dead four years before the April primary of 1932, and it is unreasonable to think that the large number of people who revered his name because of his public service and personal attributes were not aware of his death. It is a strain upon credulity to say that voters in great numbers cast their ballots for the respondent, Joseph F. Haas, thinking he was Judge John F. Haas, when they knew that the latter was then a judge of the municipal court. If the use of a name similar to that of a person who is favorably regarded in a community would imperil the professional standing of a candidate who has a lawful right to use it the result would be grave, indeed. To illustrate: The name of one of the fifty-seven candidates on the Republican ticket for judge of the municipal court is Finnegan; there is a judge of the circuit court by the same surname. The name of another candidate is Lindsay; the same name is borne by a judge of the superior court. The name of another candidate is McCarthy, which is also the name of a judge of the municipal court. McKinley is the name of another candidate; there is a judge of the circuit court whose name is spelled the same and also a judge of that court whose name is spelled McKinlay. Another candidate's name is Miller; there is a judge of the superior court by that name. Another candidate's name is Trude; there are two sitting judges in the courts of Cook county by that name. There are three judges by the name of Sullivan—one of the circuit court and two of the superior court of Cook county. In all probability the candidates mentioned, except the respondent, bear their natural names, but they have an un-

doubted right to whatever benefit may be derived from the favorable reputation acquired by others with a similar cognomen. The respondent's act in using the name Haas was lawful, and the charge that he wrongfully intended to deceive is supported only by speculation and suspicion. His record during sixteen years of practice of his profession has never before been made the object of attack or criticism. His good reputation has been attested by men of high repute, including judges before whom he appeared as a practitioner, practicing attorneys, and men in other professions who dealt with him. It was said in *People* v. *Matthews*, 217 Ill. 94, that "a careful consideration of the testimony leaves us unable to say that the charges set forth in the information filed against the respondent have been sustained by the character of proof required to justify the legal conclusion of guilt. The punishment to be inflicted by disbarment of an attorney is the destruction of his professional life. Only clear and satisfactory proof can justify a decision from which would flow consequences of such grave nature."

While respondent's conduct does not merit disbarment, we cannot justify his loose and indiscriminate use of the names of Mall and Haas after he had caused his name to be legally changed. A strict observance of professional ethics compels us to condemn that use and censure him for not taking more definite means to identify himself before the profession and the public generally under his legally adopted name of Haas.

In consideration of what we have said, it is ordered that the rule heretofore entered be discharged.

*Rule discharged.*